UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2012-152 (WOB-JGW)

ANTHONY PAYNE, ET AL.                        PLAINTIFFS

VS.                 MEMORANDUM OPINION AND ORDER

BAPTIST LIFE COMMUNITIES, ET AL.             DEFENDANTS

This is an action by Anthony Payne and Bridgett Hughes Payne ("Plaintiffs"), against Baptist Life Communities and Baptist Towers ("Defendants"). Anthony Payne asserts claims under state and federal law for race and gender discrimination, state law age discrimination, and state and federal retaliation, while Bridget Hughes Payne asserts a Title III ADA claim.

This matter is before the Court on Defendants' motion for summary judgment. (Doc. 51).

Having reviewed the parties' briefs, the Court concludes that oral argument is unnecessary to the resolution of this motion. The Court therefore issues the following Memorandum Opinion and Order.

## FACTS

Plaintiff Anthony Payne, an African-American male over forty years old, began working for Baptist Life Communities

in early 2009 as a housekeeper, and he was terminated on December 5, 2012. (Doc. 49-13, Letter to Anthony Payne Confirming Termination). Plaintiff alleges several incidents of alleged discrimination.

First, a cash box went missing in February 2011.[1] Plaintiff Anthony Payne alleges his cleaning cart was the only one searched, he was the only employee drug tested, and he was suspended. (Doc. 21 ¶¶ 10-14, Amended Complaint). However, in his deposition he stated that he merely believes his cart was the only one searched but he never asked the other housekeepers if their carts were searched. (Doc. 49 p. 22-23).

Further, a summary of notes taken by Ryan Woodle, a Human Resources representative, which is cited by the Defendants, states that all housekeeping carts were searched, all of the housekeepers were drug tested, and that the most senior housekeeper was the only one given access to the first floor after the incident. (Doc. 49-7, Formal Meeting Notes from June 15, 2011). In addition, these records reflect that two drug tests came back positive, those of Plaintiff Anthony Payne and another male

---

1   The Complaint alleges this incident occurred in April 2011, while Ryan Woodle's notes state that it occurred in February 2011. The discrepancy in these dates is immaterial.

employee. (*Id.*) Both men were sent for another test which came back negative, and both were paid for their time off pending the second test's results. (*Id.*)

Second, Plaintiff Anthony Payne alleges he complained to Erin Koshover in June 2011 about his pay, and in response to his complaint, he was suspended. (Doc. 21 ¶ 15). Erin Koshover, Assistant Administrator, suspended Plaintiff Anthony Payne for three days because she felt threatened by his loud and harsh tone, his refusal to leave her office, and his apparent agitation. (Doc. 49-3, Employee Warning Notice). Further, Plaintiff Anthony Payne agreed that the notes taken by Ryan Woodle in the June 9, 2011, meeting are accurate. (Doc. 49 pp. 40-41, Deposition of Anthony Payne).

Finally, Plaintiff Anthony Payne asserts that he was suspended after complaining about a hostile work environment. (Doc. 21 ¶ 9). However, in his deposition he was asked to whom he complained about the hostile work environment, and he replied: "I don't know, probably my lawyer." (Doc. 49 p. 62, Deposition of Anthony Payne). When asked if he specifically complained to anyone at Baptist Life Communities about a hostile work environment, he answered simply: "No." (*Id.*)

Plaintiff Bridgett Payne asserts a Title III ADA

claim.  (Doc. 21 ¶¶ 43-63, Amended Complaint).  In April 2011, she arrived to pick up Plaintiff Anthony Payne, her husband, from work.  (Doc. 21 ¶ 16, Amended Complaint).  She alleges that she suffers from a condition called "DDD" which results in a sudden urge to use the bathroom.  (*Id.* at ¶ 17).  She entered Baptist Towers, used the restroom, and went back to her car, where she was approached by Erin Koshover and another employee named Sarah.  (*Id.* at ¶¶ 18-26).  She was then told that she could no longer enter Baptist Towers for any reason, only that she could pick up her husband.  (*Id.* at ¶ 27).

However, in Plaintiff Bridgett Payne's deposition she stated that when she entered Baptist Towers on this day, she called Krystal Clayton a "thieving bitch" after she walked past her.  (Doc. 50 pp. 10-11, Deposition of Bridgett Payne).  After Bridgett Payne returned to her vehicle, Erin Koshover and Sarah came out and told her that because she attacked one of Baptist Tower's employees she was not allowed back into the building.  (*Id.* at p. 14).  The confrontation escalated with Plaintiff Bridgett Payne raising her voice and exiting her vehicle.  (Doc. 49 p. 104, Deposition of Anthony Payne).

Plaintiff Bridgett Payne admits that, after this incident, she never requested to use the bathrooms at

4

Baptist Towers again. (Doc. 50 pp. 21-22, Deposition of Bridgett Payne). In addition, she never notified anyone at Baptist Towers that she had a disability which caused her to need to use the bathroom. (*Id*. at p. 22).

## **ANALYSIS**

**A. Plaintiff Anthony Payne's claims fail because he fails to satisfy his evidentiary burden.**

Assuming, *arguendo*, Plaintiff Anthony Payne has successfully stated a prima facie case, he nonetheless fails to satisfy the final prong of the applicable burden-shifting test. If the plaintiff satisfies the prima facie case, then the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for its actions. *Niswander v. Cincinnati Ins. Co.,* 529 F.3d 714, 720 (6th. Cir. 2008) (citation omitted). If the employer satisfies this burden, the employee must then demonstrate by a preponderance of the evidence that the legitimate reason offered by the employer was in fact only a pretext designed to mask retaliation or discrimination. *Id.*

Defendants have satisfied their burden. Defendants' motion for summary judgment cites to testimony and other admissible portions of the record rebutting Plaintiff's claims. In particular, Defendants have put forward evidence that they fired Plaintiff Anthony Payne because of

insubordinate and unprofessional conduct on his part. (Doc. 49-3, Employee Warning Notice from June 2, 2011 Incident; Doc. 49-3, Termination Letter; Doc. 49 pp. 82-85, Deposition of Anthony Payne).

Plaintiffs' response to the motion for summary judgment makes a number of conclusory statements, but it makes no particular citations to the record showing that there is admissible evidence to meet plaintiffs' evidentiary burden.

Further, Plaintiffs argue their case under the summary judgment jurisprudence of the Commonwealth of Kentucky, rather than the Federal Rules of Civil Procedure. Under the rule of *Hanna v. Plumer*, where a procedural matter is governed by a specific federal rule of civil procedure, federal law applies. 380 U.S. 460, 473-74 (1965). Therefore, the leading Kentucky case on summary judgment, *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 478 (Ky. 1991), is inapplicable.

Rather, Federal Rule of Civil Procedure 56 is applicable, which provides:

> **(c)(1) *Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made

6

for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
. . .
**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
. . .
**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
    **(1)** give an opportunity to properly support or address the fact;
    **(2)** consider the fact undisputed for purposes of the motion;
    **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
    **(4)** issue any other appropriate order.

Plaintiffs make no effort to comply with this rule and apparently are unaware of its existence. Therefore, the Court will grant summary judgment pursuant to Rule 56(e)(3), *supra*, on Plaintiff Anthony Payne's claims.

**B. Plaintiff Bridgett Payne's ADA Claim will be dismissed because she lacks standing.**

In addition to the above flaws, Plaintiff Bridgett Payne lacks standing. The constitutionally-minimum requirement for standing relevant here is that the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision and not merely

speculative.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  That is, "[w]hen a request for injunctive relief is based upon a past wrong, a plaintiff must show a real or immediate threat that the plaintiff will be wronged again — a likelihood of substantial and immediate irreparable injury."  *Davis v. Flexman*, 109 F. Supp. 2d 776, 783 (S.D. Ohio 1999) (quotation marks omitted) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Similar to the plaintiffs in *Davis*, Plaintiff Bridgett Payne only went to Baptist Towers to pick up her husband from work.  In *Davis*, the plaintiffs admitted they did not intend to return to the location at issue in the future.  Since Plaintiff Anthony Payne was terminated, Plaintiff Bridgett Payne has no reason to return to Baptist Towers, so any injunctive relief would be illusory; there is no real threat that she will be wronged again in the future.  Thus, she lacks standing and the claim must be dismissed.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Defendants' motion for summary judgment (Doc. 51) be, and is hereby, **GRANTED.**  A separate judgment shall enter concurrently herewith.

This 11th day of February, 2014.


Signed By:
William O. Bertelsman
United States District Judge